UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES BERGSTROM,<br><br>Plaintiff,<br><br>v.<br><br>SGT. MICHELLE FRASCONE, in her individual capacity; SGT. VICKI BRAMAN, in her individual capacity; VANESSA REW, an individual; SGT. STACEY WEBB, in her individual capacity; COMMANDER KRIS MIENERT, in her individual capacity; SGT. SUE MCMAHON, in her individual capacity; DET. CHRIS DONOHOE, in his individual capacity; DET. CHRIS PLOYART, in his individual capacity,<br><br>Defendants. | Case No. 10-CV-3932 (PJS/JJK)<br><br>ORDER TO SHOW CAUSE |

Jill Clark, JILL CLARK, LLC, for plaintiff.

Peter J. Schwingler, Monica L. Davies, Calvin P. Hoffman, and Phillip J. Ashfield, LEONARD STREET AND DEINARD, PA, and Beau D. McGraw, MCGRAW LAW FIRM, PA, for defendant Vanessa Rew.

Joseph E. Flynn, Leonard J. Schweich, and Michael P. Goodwin, JARDINE, LOGAN & O'BRIEN, PLLP, for defendants Sgt. Michelle Frascone, Sgt. Vicki Braman, Sgt. Stacey Webb, Commander Kris Mienert, Sgt. Sue McMahon, Det. Chris Donohoe, and Det. Chris Ployart.

Plaintiff James Bergstrom brought this lawsuit against seven members of the Woodbury Police Department and Vanessa Rew (his ex-wife), alleging violations of his constitutional rights and malicious prosecution. The lawsuit arises out of Bergstrom's allegedly unconstitutional arrest on April 23, 2010. This matter is before the Court on the defendants' second motion to dismiss under Fed. R. Civ. P. 37 and 41 [Docket No. 64].

Bergstrom commenced this action in state court in August 2010, and defendants removed it to this Court the following month. About 18 months later (in March 2012), defendants moved to dismiss for lack of prosecution, alleging that Bergstrom's attorney, Jill Clark, had not answered any written discovery requests and had not made Bergstrom available for deposition, despite defendants' repeated attempts to accommodate Ms. Clark's work schedule and health problems. In response to defendants' motion, Ms. Clark filed a motion to continue. Ms. Clark did not dispute that she had not complied with her discovery obligations, but asked for a short continuance based on her anticipated ability to resume full-time work in the near future.

Based on Ms. Clark's representations, the Court denied defendants' motion to dismiss and ordered the parties to contact Magistrate Judge Jeffrey J. Keyes to schedule a status conference. ECF No. 58. The purpose of the conference, as the Court explained, was to determine whether Ms. Clark was capable of prosecuting this case and, if so, "to amend the scheduling order one final time to impose strict deadlines — deadlines that will not be changed and that Ms. Clark must meet." *Id.* at 2-3. If Ms. Clark could not continue prosecuting this case, she was to do one of three things: secure substitute counsel, dismiss the case, or notify the Court that her client would be proceeding pro se. *Id.* at 3. The Court explicitly warned Ms. Clark that "any future failures to comply with the rules or this Court's orders will result in the dismissal of this action." *Id.*

Judge Keyes held a scheduling conference on May 31, 2012, and based on Ms. Clark's assurances that she was capable of representing Bergstrom and meeting all deadlines, Judge Keyes issued an amended pretrial scheduling order shortly afterward. ECF No. 62. In the scheduling order, Judge Keyes stated that "[t]his is the final schedule for this case and no delays

or continuances will be allowed." *Id.* at 1. Pursuant to the order, Bergstrom's responses to pending written discovery, including the production of documents and answers to interrogatories, were due no later than June 15, 2012. *Id.* at 1. Defendants' discovery requests, it should be noted, were served in July and September of 2011 — almost a *year* ago. ECF No. 67 ¶ 8; ECF No. 68 ¶ 2.

Defendants have now filed a second motion to dismiss, alleging that Ms. Clark failed — without explanation and in violation of Judge Keyes's amended scheduling order — to meet the June 15 deadline for written discovery. ECF No. 67 ¶ 8; ECF No. 68 ¶ 2. If defendants' representations are true, then essentially no discovery has taken place in this nearly two-year-old case because of Ms. Clark's repeated failure to meet discovery deadlines.

The Court is also aware that Ms. Clark has recently been devoting a great deal of time to litigation efforts of dubious value — such as her unusual attempt to remove state disciplinary proceedings to federal court, *see Office of Lawyers Professional Responsibility v. Clark*, No. 12-CV-1373 (JRT/AJB), and her unusual attempt to reopen a case that had been closed over six years ago, *see Robinson, et al. v. City of Minneapolis, et al.*, No. 03-CV-2897 (DWF/SRN). In other words, Ms. Clark has been devoting considerable time and energy to litigation; she has just chosen — once again — not to devote her time and energy to *this* litigation.

The Court has been more than patient with Ms. Clark. In light of the foregoing, and based on defendants' motion and supporting documents, the Court orders plaintiff to show cause why this action should not be dismissed with prejudice for lack of prosecution and as a sanction for failing to comply with the Federal Rules of Civil Procedure and the orders of this Court.

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff must, no later than July 3, 2012, file and serve a memorandum of no more than 3,000 words showing cause why this action should not be dismissed for lack of prosecution, failure to comply with the Federal Rules of Civil Procedure, and failure to comply with the amended pretrial scheduling order dated May 31, 2012 [ECF No. 62].

2. Defendants may, if they choose, respond to plaintiff's memorandum by filing and serving a memorandum of no more than 3,000 words no later than July 10, 2012.

3. If plaintiff fails to comply with ¶ 1 of this order, this action will be dismissed with prejudice.

4. No hearing will be held unless the Court orders otherwise.

Dated: June 22, 2012                  s/Patrick J. Schiltz
                                                                    Patrick J. Schiltz
                                                                    United States District Judge