UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JAMES BERGSTROM,                                    Case No. 10-CV-3932 (PJS/JJK)

                Plaintiff,

v.

SGT. MICHELLE FRASCONE, in her
individual capacity; SGT. VICKI BRAMAN,                     ORDER
in her individual capacity; VANESSA REW,
an individual; SGT. STACEY WEBB, in her
individual capacity; COMMANDER KRIS
MIENERT, in her individual capacity; SGT.
SUE MCMAHON, in her individual capacity;
DET. CHRIS DONOHOE, in his individual
capacity; DET. CHRIS PLOYART, in his
individual capacity,

                Defendants.

---

Jill Clark, JILL CLARK, LLC, for plaintiff.

Peter J. Schwingler, Monica L. Davies, Calvin P. Hoffman, and Phillip J. Ashfield,
LEONARD STREET AND DEINARD, PA, and Beau D. McGraw, MCGRAW LAW
FIRM, PA, for defendant Vanessa Rew.

Joseph E. Flynn, Leonard J. Schweich, and Michael P. Goodwin, JARDINE, LOGAN &
O'BRIEN, PLLP, for defendants Sgt. Michelle Frascone, Sgt. Vicki Braman, Sgt. Stacey
Webb, Commander Kris Mienert, Sgt. Sue McMahon, Det. Chris Donohoe, and Det.
Chris Ployart.

Plaintiff James Bergstrom brought this lawsuit against seven members of the Woodbury

Police Department and Vanessa Rew (his ex-wife), alleging violations of his constitutional rights

and malicious prosecution. The lawsuit arises out of Bergstrom's allegedly unconstitutional

arrest on April 23, 2010.

Bergstrom commenced this action in state court in August 2010, and defendants removed

the action to this Court the following month. About 18 months later (in March 2012), defendants

moved to dismiss for lack of prosecution, alleging that Bergstrom's attorney, Jill Clark, had not answered any written discovery requests and had not made Bergstrom available for deposition, despite defendants' repeated attempts to accommodate Clark's work schedule and health problems.  In response to defendants' motion, Clark filed a motion to continue.  Clark did not dispute that she had not complied with her discovery obligations, but asked for a short continuance based on her anticipated ability to resume full-time work in the near future.

The Court was inclined to dismiss this action at that time, but based on Clark's representations and against its better judgment, the Court denied defendants' motion to dismiss and ordered the parties to contact Magistrate Judge Jeffrey J. Keyes to schedule a status conference.  ECF No. 58.  The purpose of the conference, as the Court explained, was to determine whether Clark was capable of prosecuting this case and, if so, "to amend the scheduling order one final time to impose strict deadlines — deadlines that will not be changed and that Ms. Clark must meet."  *Id.* at 2-3.  If Clark could not continue prosecuting this case, she was to do one of three things: secure substitute counsel, dismiss the case, or notify the Court that her client would be proceeding pro se.  *Id.* at 3.  The Court explicitly warned Clark that "any future failures to comply with the rules or this Court's orders will result in the dismissal of this action."  *Id.*  The Court could not have been clearer:  If Clark missed any deadline for any reason, the case would be dismissed.

Judge Keyes held a scheduling conference on May 31, 2012, and based on Clark's assurances that she was capable of representing Bergstrom and meeting all deadlines, Judge Keyes issued an amended pretrial scheduling order shortly afterward.  ECF No. 62.  In the scheduling order, Judge Keyes stated that "[t]his is the final schedule for this case and no delays

or continuances will be allowed." *Id.* at 1.  Pursuant to the order, Bergstrom's responses to

pending written discovery, including the production of documents and answers to interrogatories,

were due no later than June 15, 2012. *Id.* at 1.  Defendants' discovery requests, it should be

noted, were served in July and September of 2011 — almost a year ago.  ECF No. 67 ¶ 8; ECF

No. 68 ¶ 2.

On June 21, 2012, defendants filed a second motion to dismiss, alleging that Clark failed

— without explanation and in violation of Judge Keyes's amended scheduling order — to meet

the June 15 deadline for responding to written discovery.  ECF No. 67 ¶ 8; ECF No. 68 ¶ 2.  The

next day, the Court ordered Bergstrom to show cause why this action should not be dismissed

with prejudice for lack of prosecution and as a sanction for failing to comply with the Federal

Rules of Civil Procedure and the orders of this Court.  ECF No. 70.

On the day that Bergstrom's memorandum was due, the Court received a letter from

Clark's attorney, Diana Longrie, explaining that Clark suffered a relapse of her prior medical

condition and has been hospitalized since June 21 — six days after the June 15 deadline for

responding to defendants' written discovery requests. *See* ECF No. 76.  On behalf of Bergstrom,

Longrie seeks yet another stay of dismissal so that Clark can propose yet another case-

management plan.

Consistent with the clear warnings of both the undersigned and Judge Keyes, the Court

now denies the request for a stay and dismisses this action with prejudice.  As noted above,

Bergstrom's response to defendants' discovery requests was due on June 15, 2012.  Rather than

responding to these discovery requests — again, requests that were served on Bergstrom nearly

*one year* earlier — Clark chose to devote considerable time and energy to other matters.  On

June 8, 2012, for example, Clark attempted to remove state disciplinary proceedings against her to federal court, filing a notice of removal and nearly one hundred pages of accompanying exhibits.  *See Office of Lawyers Professional Responsibility v. Clark*, No. 12-CV-1373 (JRT/AJB).  A few days later, on June 14, Clark filed numerous motions in an apparent attempt to reopen a case that had been closed for over six years.  *See Robinson, et al. v. City of Minneapolis, et al.*, No. 03-CV-2897 (DWF/SRN).  As her conduct in these two cases demonstrates,[1] Clark was perfectly capable of meeting the June 15 deadline in this case.  She simply chose to devote her time and attention to other matters that she viewed as more important.

The Court has been more than patient with Clark.  Although it was inclined to dismiss this action in March in response to defendants' first motion to dismiss, the Court gave Clark one final chance to comply with the Federal Rules and the Court's orders.  Clark was clearly and repeatedly warned that her failure to meet deadlines for any reason would result in dismissal of this action.  Rather than taking those warnings seriously and litigating this case, Clark chose to devote her time and energy to other matters, such as trying to reopen a case that had been closed for six years.  Clark failed to meet her obligations to her client and to this Court.  This action is therefore dismissed.

ORDER

In light of the foregoing, and based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      Defendants' motion to dismiss [ECF No. 64] is GRANTED.

---

[1]The Court has not considered the fact that, while Clark was failing to meet the deadlines in this case, Clark was also running for public office, as the Court does not know whether Clark devoted any time or attention to her campaign during the relevant time period.

2.    Plaintiff's amended complaint [ECF No. 35] is DISMISSED WITH PREJUDICE

for lack of prosecution, failure to comply with the Federal Rules of Civil

Procedure, and failure to comply with the amended pretrial scheduling order dated

May 31, 2012 [ECF No. 62].

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 6 , 2012                          s/Patrick J. Schiltz
                                              Patrick J. Schiltz
                                              United States District Judge